UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

KEVIN WILLIAMS,

            Plaintiff,           Case No. 2:11-cv-75

v.                                        Honorable R. Allan Edgar

PATRICIA CARUSO et al.,

            Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff shall pay the initial partial filing fee when funds are available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against all of the Defendants except for Defendant Lapalm. The Court will serve the complaint against Defendant Lapalm.

**Factual Allegations**

Plaintiff presently is incarcerated at the Alger Maximum Correctional Facility. In his *pro se* complaint, he sues former Michigan Department of Corrections (MDOC) Director Patricia Caruso; Warden Catherine Bauman; Deputy Warden Dan Lesatz; Assistant Deputy Warden Scott Sprader; Food Service Director Wayne DeShambo; Resident Unit Manager D. McBurney; Resident Unit Supervisors C. Coyne and Peggy Ann Carberry; Sergeant Unknown Brighton; Correction Officers Unknown Barney, Unknown VanDyke, Unknown Lapalm, Unknown Gurnoe, Unknown Hall, Unknown Masters, Unknown Shamanski, Unknown Enterline and Unknown Mayheart; maintenance employees Unknown Corey and Unknown Schroeder; Librarian Manager Janice Yoak and Assistant Librarian Unknown Young.

As an initial matter, Plaintiff brings several claims in his complaint on behalf of other prisoners as "pro per counsel (on behalf of all plaintiffs and inmates at all facilities owned by the MDOC)." (Compl., docket #1, Page ID#12.) Because Plaintiff lacks standing to bring claims on behalf of other prisoners, *see Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989) and *Raines v. Goedde*, No. 92-3120, 1992 WL 188120, at *2 (6th Cir. Aug. 6, 1992), this Court will only consider the claims that specifically involve Plaintiff. The actions pertaining to Plaintiff are included in three pages of his complaint. (*See* Compl., Page ID##10, 11, 29.) The Court will not discuss any of the claims that Plaintiff intends to bring on behalf of the other prisoners.

On October 25, 2010, Plaintiff was transferred to Alger Maximum Correctional Facility. When he was placed in his cell, Plaintiff attempted to turn on the cell light but the light would not work, leaving his cell in complete darkness. A short time later, Plaintiff talked to Officer Lapalm about the problem. As of January 4, 2011, Plaintiff still did not have his light fixed.

On February 2, 2011, Plaintiff complains that he was forced to leave the chow hall by Corrections Officer Enterline and Warden Bauman in retaliation for filing this action. Plaintiff states that he did not receive a meal for the rest of the day. On February 3, Plaintiff claims that he received a "frivolous" major misconduct ticket for disobeying a direct order and insolence. (Compl., docket #1, Page ID#29.) Plaintiff submitted a kite to Defendant Bauman regarding the retaliation to no avail.

Plaintiff requests declaratory and injunctive relief as well as attorney's fees.

## Discussion

I.  Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Id.* at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Absence of Allegations

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations

as to them which would suggest their involvement in the events leading to his injuries."). Plaintiff fails to mention any allegations pertaining to Defendants Caruso, Lesatz, Sprader, DeShambo, McBurney, Coyne, Carberry, Brighton, Barney, VanDyke, Gurnoe, Hall, Masters, Shamanski, Mayheart, Corey, Schroeder or Yoak in the body of his complaint. His allegations therefore fall far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

Moreover, to the extent that Plaintiff claims that any of these Defendants are liable because of their failure to supervise subordinates or to adequately respond to his grievances, he also fails to state a claim. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 129 S. Ct. at 1948; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948. Plaintiff has failed to allege that Defendants Caruso, Lesatz, Sprader, DeShambo, McBurney, Coyne, Carberry, Brighton,

Barney, VanDyke, Gurnoe, Hall, Masters, Shamanski, Mayheart, Corey, Schroeder or Yoak engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

### B. Retaliation

Plaintiff alleges that Defendants Enterline and Bauman retaliated against him for filing the instant action by refusing to give him a meal and by giving him a "frivolous" major misconduct ticket. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id*. Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Assuming that Plaintiff could satisfy the first two requirements for a retaliation claim, he cannot meet the third requirement. It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005). Plaintiff claims that Defendants Enterline and Bauman retaliated against him for filing the instant lawsuit by refusing to give him a meal on February 2, 2011 and by issuing a major misconduct ticket on February 3, 2011. However, Plaintiff did not file this lawsuit until *after* the alleged retaliation. Plaintiff signed his complaint on February 23, 2011 and the complaint was received by this Court on February 25, 2011. Therefore, Defendants could not have been motivated

by the filing of Plaintiff's lawsuit to refuse his meal on February 2, 2011 and by issuing a major misconduct on February 3, 2011. In the absence of a motivating factor, Plaintiff's allegations are wholly conclusory and fail to demonstration that retaliation was plausible under *Iqbal* and *Twombly*. *See Twombly,* 550 U.S. at 570; *Iqbal,* 129 S. Ct. at 1949. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)). Because Plaintiff has failed to allege any retaliatory motive on behalf of Defendants Enterline and Bauman, Plaintiff fails to state a First Amendment retaliation claim.

        **C.**     **Due Process**

To the extent Plaintiff claims that he received a "frivolous" major misconduct ticket, he also fails to state a due process claim. A prisoner's ability to challenge a prison misconduct conviction depends on whether the convictions implicated any liberty interest. In the seminal case in this area, *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Court prescribed certain minimal procedural safeguards that prison officials must follow before depriving a prisoner of good-time credits on account of alleged misbehavior. The *Wolff* Court did not create a free-floating right to process that attaches to all prison disciplinary proceedings; rather the right to process arises only when the prisoner faces a loss of liberty, in the form of a longer prison sentence caused by forfeiture of good-time credits:

> It is true that the Constitution itself does not guarantee good-time credit for satisfactory behavior while in prison. But here the State itself has not only provided a statutory right to good time but also specifies that it is to be forfeited only for serious misbehavior. Nebraska may have the authority to create, or not, a right to a shortened prison sentence through the accumulation of credits for good behavior, and it is true that the Due Process Clause does not require a hearing "in every conceivable case of government impairment of private interest." But the State having created the

- 7 -

>right to good time and itself recognizing that its deprivation is a sanction authorized for major misconduct, the prisoner's interest has real substance and is sufficiently embraced within Fourteenth Amendment "liberty" to entitle him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated.

*Wolff*, 418 U.S. at 557 (citations omitted).

Plaintiff does not allege that his major misconduct conviction resulted in any loss of good-time credits, nor could he. The Sixth Circuit has examined Michigan statutory law, as it relates to the creation and forfeiture of disciplinary credits[1] for prisoners convicted for crimes occurring after April 1, 1987. In *Thomas v. Eby*, 481 F.3d 434 (6th Cir. 2007), the court determined that loss of disciplinary credits does not necessarily affect the duration of a prisoner's sentence. Rather, it merely affects parole eligibility, which remains discretionary with the parole board. *Id.* at 440. Building on this ruling, in *Nali v. Ekman*, 355 F. App'x 909 (6th Cir. 2009), the court held that a misconduct citation in the Michigan prison system does not affect a prisoner's constitutionally protected liberty interests, because it does not necessarily affect the length of confinement. 355 F. App'x at 912; *accord, Wilson v. Rapelje*, No. 09-13030, 2010 WL 5491196, at * 4 (E.D. Mich. Nov. 24, 2010) (Report & Recommendation) (holding that "plaintiff's disciplinary hearing and major misconduct sanction does not implicate the Fourteenth Amendment Due Process Clause"), *adopted as judgment of court*, 2011 WL 5491196 (Jan. 4, 2011). In the absence of a demonstrated liberty interest, Plaintiff has no due-process claim based on the loss of disciplinary credits. *See Bell v. Anderson*, 301 F. App'x 459, 461-62 (6th Cir. 2008).

---

[1] For crimes committed after April 1, 1987, Michigan prisoners earn "disciplinary credits" under a statute that abolished the former good-time system. MICH. COMP. LAWS § 800.33(5).

Even in the absence of a protectible liberty interest in disciplinary credits, a prisoner may be able to raise a due-process challenge to prison misconduct convictions that result in a significant, atypical deprivation. *See Sandin v. Connor*, 515 U.S. 472 (1995). Plaintiff has not identified any deprivation arising from his convictions, much less any significant or atypical deprivation. Unless a prison misconduct conviction results in an extension of the duration of a prisoner's sentence or some other atypical hardship, a due-process claim fails. *Ingram v. Jewell*, 94 F. App'x 271, 273 (6th Cir. 2004). Therefore, Plaintiff also fails to state a due-process claim for his misconduct ticket.

### C. Service

Upon initial review, the Court concludes that Plaintiff's allegations are sufficient to state an Eighth Amendment claim against Defendant Lapalm. The Court therefore will serve the complaint against Defendant Lapalm.

### Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that all of the Defendants except for Defendant Lapalm will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendant Lapalm.

An Order consistent with this Opinion will be entered.

Dated:    10/6/2011         /s/ R. Allan Edgar
                            R. Allan Edgar
                            United States District Judge